IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN MCKINNEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JEROME WALSH et al. | : | NO. 11-cv-5398 |

## ORDER

AND NOW, this 6th day of March, 2012, upon consideration of Petitioner Shawn McKinney's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) and Respondents' Answer to said Petition (Doc. No. 9), as well as after careful and independent review of Magistrate Judge Hart's Report and Recommendation (Doc. No. 10) and Petitioner's objections thereto (Doc. No. 12), it is hereby ORDERED as follows:

1. Petitioner's objections (Doc. No. 12) are OVERRULED.

2. Magistrate Judge Hart's Report and Recommendation (Doc. No. 10) is APPROVED and ADOPTED in its entirety.

3. McKinney's petition for a writ of habeas corpus (Doc. No. 1) is DENIED with prejudice and without an evidentiary hearing.

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk of Court is directed to close this matter for statistical purposes.

Petitioner makes several objections to Magistrate Judge Hart's Report and Recommendation, in particular with respect to Judge Hart's analysis of Petitioner's after-discovered evidence claim. This Court reviews *de novo* the portions of the Magistrate Judge's

1

Report to which specific objections have been filed. 28 U.S.C. § 636(b)(1)(C). In doing so, we may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. Id. Here, we accept Judge Hart's findings and recommendations in their entirety and overrule Petitioner's objections accordingly.

As an initial matter, Petitioner does not contest Judge Hart's statement of the law with respect to after-discovered evidence in habeas corpus proceedings, and rightly so. As Judge Hart correctly observed, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993). In other words, "due process of law does not require a state court to consider newly discovered evidence proffered after trial if the trial itself was constitutionally adequate." Semmens v. Glover, Civil Action No. 09-5985, 2011 U.S. Dist. LEXIS 148749, at *7-8 (D.N.J. Dec. 28, 2011). Thus, Petitioner states a cognizable habeas claim based on after-discovered evidence only if he can show – as he argues – that his due process rights were violated.

A Third Circuit panel recently addressed the interplay between after-discovered evidence, due process, and habeas corpus in Han Tak Lee v. Glunt, 10-4133, 2012 U.S. App. LEXIS 1488 (3d Cir. Jan. 27, 2012) (precedential). In that case, a jury convicted Han Tak Lee of first degree murder and arson after his twenty-year-old mentally ill daughter died in a cabin fire at a religious retreat in the Pocono Mountains. Id., at *2. After exhausting his available appeals, Lee filed a habeas petition, arguing "that newly discovered evidence proves that the fire expert testimony that the Government relied upon to secure his convictions was fundamentally unreliable and that therefore his continued incarceration violates his due process rights." Id., at *3. The District

2

Court denied Lee's habeas petition without a hearing, and Lee appealed.  Id., at *8-9.

On appeal, the Third Circuit declined to reach the merits of the case or order an evidentiary hearing.  Id., at *11-13.  However, the court did remand for discovery to allow Lee to flesh out his claim that new scientific evidence has since thoroughly discredited the expert testimony that formed the basis for his conviction.  Id., at *11-12.  In doing so, the court opined that "Lee must show that the admission of the fire expert testimony 'undermined the fundamental fairness of the entire trial'" to succeed in proving a due process violation.  Id., at *11 (quoting Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001)).  In dicta, the Lee court also noted that "[i]f Lee's expert's independent analysis of the fire scene evidence—applying principles from new developments in fire science—shows that the fire expert testimony at Lee's trial was fundamentally unreliable, then Lee will be entitled to federal habeas relief on his due process claim."  Lee, 2012 U.S. App. LEXIS 1488, at *25.

Applying Lee's teachings to this case, in order to succeed on his due process claim, McKinney must show that the trial court's failure to properly consider McKinney's purported after-discovered evidence, i.e., the eyewitness statement of Valerie Tucker that she saw the shooter and he was not McKinney, "undermined the fundamental fairness" of his entire trial.  In Judge Hart's opinion, "[i]t is impossible to conclude that McKinney's trial was fundamentally unfair without Valerie Tucker's evidence" because (1) Tucker was not concealed from McKinney prior to, or during, his first trial, and (2) even if Tucker had testified, it is far from clear that her testimony would have outweighed that of the prosecution witnesses.  (Doc. No. 10, at 7-8).

We agree with Judge Hart's analysis, and other courts have held likewise in similar

3

circumstances.  See, e.g., Kunco v. Attorney Gen., 85 Fed. App'x 819, 820-21 (3d Cir. 2003) (finding no fundamental unfairness when disputed evidence had little significance and other evidence independently confirmed defendant's guilt); De Martino v. Weidenburner, 616 F.2d 708, 711 (3d Cir. 1980) (newly discovered evidence not grounds for federal habeas relief because the new evidence would not "probably produce an acquittal on retrial.") (citation omitted); Jones v. Miller, No. 92-2151/2153, 1993 U.S. App. LEXIS 6153, at *3-4 (6th Cir. Mar. 17, 1993) (refusal to grant new trial based on after-discovered evidence, namely "a statement of a single person, who claims that a third person, now deceased, had orally admitted to killing the victim," did not violate due process); Corchado v. Rabideau, 576 F. Supp. 2d 433, 445 (W.D.N.Y. 2008) (finding no constitutional violation in connection with the court's failure to entertain after-discovered eyewitness testimony because "through no fault of the defense or the prosecution, [the witness] refused to make herself available for an interview."); Monroe v. Smith, 197 F. Supp. 2d 753, 763 ( E.D. Mich. 2001) (noting that "even those federal courts that have suggested that habeas relief could be granted upon newly discovered evidence have set an extraordinary showing of petitioner's innocence before habeas relief could be granted") (citations omitted); Williams v. Sullivan, No. 86 Civ. 0257, 1990 U.S. Dist. LEXIS 3175, at *9-10 (S.D.N.Y. Mar. 22, 1990) (denying habeas relief because newly discovered eyewitness testimony "was clearly not of such a nature as would likely have affected the outcome of the trial or created any reasonable doubt as to petitioner's guilt.").

  McKinney objects to Judge Hart's observation that "[e]vidently, she [Valerie Tucker] was concealing herself."  (Doc. No. 12, at 4).  According to McKinney, this is a "'blatant' inference-on-inference."  (Id.).  McKinney is mistaken.  As Judge Hart correctly recognized, Tucker told

Nora Noelle, McKinney's private investigator, that she (Tucker) knew the police were looking for her but made no attempt to contact them, McKinney, or his family prior to or during trial. (Doc. No. 10, at 8). This supports Judge Hart's position that Tucker was apparently concealing herself. In any event, the record before us reflects that both the prosecution and McKinney's investigator diligently searched for Tucker but to no avail. Whether she was hiding, or simply could not be found for some other reason, makes little difference to our due process analysis. The fact remains that neither the prosecution nor the court hindered McKinney's efforts to locate Tucker. In fact, the prosecution was looking for her as well. Given these circumstances, we cannot conclude that McKinney's trial was fundamentally unfair.

Second, McKinney argues that the trial court should have heard Tucker's testimony under oath in order to properly evaluate her eyewitness account that someone other than McKinney shot the decedent. McKinney asks:

> Since Ms. Tucker's eye-witness account was never explored under oath; how can any rational trier of facts propagate and/or probate any truth to be determined or the probative force of a possible different outcome of a second trial and/or weigh the new evidence against the conflicting circumstances of this criminal case"?

(Doc. No. 12, at 4).

Perhaps the trial judge in McKinney's state court case should have held a hearing to listen to what Ms. Tucker had to say. He certainly could have done so, since McKinney's lawyer brought this purported after-discovered evidence to the judge's attention prior to sentencing. However, the trial judge explicitly found that the proposed testimony would not have affected the outcome of the trial, given McKinney's other inculpatory statements. (Doc. No. 10, at 6). As a federal habeas court, it is not our place to second-guess this factual determination, especially

5

since McKinney was convicted after a bench trial in which the judge functioned as both finder of fact and arbiter of the law.

Finally, we decline McKinney's request for an evidentiary hearing. (Doc. No. 12, at 7). The AEDPA "permits evidentiary hearings on habeas review, but only in a limited number of circumstances." Palmer v. Hendricks, 592 F.3d 386, 392 (3d Cir. 2010) (citation omitted). Relevant to this case, we cannot hold an evidentiary hearing unless McKinney shows that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Here, McKinney failed to show that Tucker's eyewitness testimony would have changed the outcome of McKinney's trial in the mind of a reasonable factfinder. As noted *supra*, the trial judge in McKinney's case, as factfinder, has already concluded that he would find McKinney guilty despite Tucker's statement. Even if the AEDPA permitted us to hold an evidentiary hearing in this matter, we would not do so because the existing record contravenes Tucker's assertion of McKinney's innocence. See Palmer, 592 F.3d at 393 (confirming that an evidentiary hearing is unwarranted "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief") (citing Schriro v. Landrigan, 550 U.S. 465, 474 (2007)).

In conclusion, it is ORDERED as follows:

it is hereby ORDERED as follows:

    1.     Petitioner's objections (Doc. No. 12) are OVERRULED.

    2.     Magistrate Judge Hart's Report and Recommendation (Doc. No. 10) is APPROVED and ADOPTED in its entirety.

3. McKinney's petition for a writ of habeas corpus (Doc. No. 1) is DENIED with prejudice and without an evidentiary hearing.

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk of Court is directed to close this matter for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.